**In re the Marriage of Sharon Faye (Bowen) TUTHILL, Petitioner, Respondent,**

v.

**James Richard TUTHILL, Appellant.**

No. C7–86–655.

Court of Appeals of Minnesota.

Jan. 20, 1987.

William D. Howard, Minneapolis, for respondent.

Thomas A. Roe, Roe & Schmidt, Ltd., Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

HUSPENI, Judge.

James Tuthill appeals from the trial court's order denying a reduction in maintenance, including a retroactive reduction, and awarding attorney's fees to respondent, Sharon Tuthill. We affirm.

## FACTS

Appellant and respondent had been married for seventeen years and had four children when their marriage was dissolved in 1973. Appellant's 1973 income was $48,000, which included an extraordinary payment of $23,000 he had made to himself from his business. Respondent was a homemaker at the time of the dissolution and had no income.

The stipulated judgment and decree granted appellant his business ventures. Respondent was awarded custody of the children, child support and maintenance. The maintenance schedule which resembles a property settlement stipulated that payments are to continue for twenty years. Payments were set at $500 per month during the first fifteen years and $350 per month during the last five years. The stipulation further provided that maintenance would continue at $150 per month even if respondent remarried or appellant died. Child support was to cease in 1982 when the youngest child reached majority.

After the dissolution, appellant remarried and moved out of state. In 1983 he stopped paying maintenance, claiming that respondent had agreed to this during a telephone conversation and that this was in exchange for his financial aid to their adult son. Respondent denies the conversation and the agreement.

Following the dissolution, respondent completed training as a licensed practical nurse and presently works at least 32 hours a week at an hourly wage of $10.57. She claimed debts of $8,350, which included $1,450 that had been reduced to judgment.

In seeking a modification of his maintenance obligations, appellant claimed large debts but failed to provide documentation for all of the debts. He claimed an $180,000 mortgage on his home, with monthly payments of $2,009. Appellant failed to provide information concerning his assets to family court, including equity in his home. He refused to be deposed regarding his finances, and indicated his net income from employment in 1985 was $32,067.

The family court referee denied the motion for a reduction in maintenance, and the trial court affirmed the referee's order, including an award of $500 in attorney's fees to respondent.

## ISSUES

1. Did the trial court abuse its discretion in denying a modification of maintenance obligations without making sufficient factual findings?

2. Did the court abuse its discretion in awarding attorney's fees?

## ANALYSIS

### I.

Minn.Stat. § 518.64, subd. 2 (1984) allows modification of maintenance provisions

upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics,

any of which makes the terms [of the decree] unreasonable and unfair.

The statute requires the party requesting modification to demonstrate both a substantial change in circumstances and unfairness of the existing obligation as a result of that change. *Savoren v. Savoren*, 386 N.W.2d 288, 291 (Minn.Ct.App.1986). An award of maintenance is to be modified "only upon clear proof of facts showing a substantial change of circumstances from those existing at the time of the dissolution * * *." *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn.1980).

The decision here was based upon appellant's failure to show a substantial change in circumstances. In reaching this conclusion the referee found and the trial court agreed that:

> [b]ased upon the [appellant's] income, his lifestyle and the obligations he has taken on during the period of time he alleges he was unable to meet his spousal maintenance obligation, his motion should be denied.

Appellant argues that this finding is insufficient to allow review of the decision and that the court's order constitutes an abuse of discretion due to the alleged insufficiency of the findings.

█ The absence of detailed factual findings by the trial court makes appellate review difficult. In modification of maintenance obligations, as well as in the initial determination, particularized findings are necessary to show that relevant statutory factors have been considered. *See Kroening v. Kroening*, 390 N.W.2d 851, 854 (Minn.Ct.App.1986). Where the findings are insufficient to determine that the trial court addressed the factors expressly mandated by the legislature, the matter should be remanded for further findings. *Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn. 1986). If, however, the findings indicate that the relevant statutory factor, in this instance a substantial change in circumstances, has been considered, a remand is not appropriate.

Appellant argues that because respondent is now employed, circumstances have changed, making the original maintenance provisions unfair and unreasonable. However, the amount of the maintenance clearly indicates that it was presumed respondent would have a source of income in addition to the $500 per month she will receive through 1988 and the $350 per month to be paid during the following five years. The trial court properly focused on the impact of any change in circumstances on appellant.

█ The finding at issue here is sufficient to indicate that the trial court considered appellant's claim that there had been a substantial change in circumstances and concluded that he had failed to make such a showing. The court found that his life-style had not changed, despite his claims of financial adversity. Such a conclusion is sufficient to indicate that the initial award continues to be fair and reasonable. *Savoren*, 386 N.W.2d at 292.

We acknowledge that the finding does not include a detailed analysis of appellant's financial condition. However, he has failed to present a complete picture of his assets and debts making such findings impossible. As we have previously stated, this court will not speculate, and the appellant cannot complain where inadequate documentation leads at least in part to the trial court's refusal to modify a decree. *Taflin v. Taflin*, 366 N.W.2d 315, 319 (Minn.Ct. App.1985).

The finding is sufficient to indicate that the decision was based on appellant's failure to present clear proof of a substantial change in circumstances, and it is not necessary to remand the matter for further findings. The failure to show such a change precludes a modification of maintenance obligations under Minn.Stat. § 518.64, subd. 2. Therefore, it is not necessary for the trial court to make findings regarding any other factors addressed in the statute.

Because we conclude that the trial court did not abuse its discretion in denying the modification, we need not address the deni-

al of the request to make the modification retroactive.

## II.

█ The awarding of attorney's fees is almost entirely within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977). *Rosenberg v. Rosenberg,* 379 N.W.2d 580, 587 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn.Feb. 19, 1986). There is no showing in the present case that appellant cannot pay the fees or that payment of the fees would deplete his funds. Certainly his needs do not appear to be greater than respondent's. Under these facts, there is no abuse of discretion.

## DECISION

The trial court did not abuse its discretion in denying modification of maintenance provisions of the decree or in awarding attorney's fees.

Affirmed.