This opinion will be unpublished and
 may not be cited except as provided by
 Minn. Stat. § 480A.08, subd. 3 (2014).

 STATE OF MINNESOTA
 IN COURT OF APPEALS
 A15-1748

 In re the Marriage of:
 Julie Ellen O’Mara-Meyer, petitioner,
 Respondent,

 vs.

 William Philip Meyer,
 Appellant.

 Filed September 19, 2016
 Reversed and remanded
 Peterson, Judge
 Dissenting, Rodenberg, Judge

 Houston County District Court
 File No. 28-FA-13-47

Michael A. Murphy, Hammell & Murphy, P.L.L.P., Caledonia, Minnesota; and

Scott M. Flaherty, Briggs and Morgan, P.A., Minneapolis, Minnesota (for respondent)

Susan A. Daudelin, Ben M. Henschel, Henschel Moberg Goff, P.A., Minneapolis,
Minnesota (for appellant)

 Considered and decided by Rodenberg, Presiding Judge; Peterson, Judge; and

Bjorkman, Judge.

 UNPUBLISHED OPINION

PETERSON, Judge

 Appellant challenges the district court’s denial of his motion to modify

maintenance, arguing that the district court misread the parties’ stipulated dissolution
judgment to preclude modification and failed to make adequate findings. Because the

district court’s factual findings are not sufficient to permit meaningful review, we reverse

and remand for more detailed findings.

 FACTS

 The 26-year marriage of appellant-husband William Philip Meyer and respondent-

wife Julie Ellen O’Mara-Meyer was dissolved by a stipulated judgment and decree that

was entered in August 2014. The parties’ financial disclosures during the dissolution

proceeding in July 2014 show that wife was employed by Hiawatha Valley Mental Health,

with monthly compensation of $5,700, which equals $68,400 annually. Husband worked

selling farm equipment and was paid a draw, commissions, and bonuses. His total

compensation was $24,378 per month, which equals $292,536 annually.

 With respect to spousal maintenance, the judgment states that “both parties have

fully discussed with each other future possible changes in income and recognize that either

or both parties may have a substantial change upward or downward in their future income

due to market forces, changes in health, inheritance, or other foreseeable as well as

unforeseeable circumstances.”

 Husband waived his right to receive spousal maintenance, and the judgment states

that the court is divested from any future jurisdiction to award maintenance to husband.

The judgment ordered husband to pay wife $4,500 per month for maintenance until “the

earliest of [husband] turning 65 years of age; the death of either party; or [wife’s]

 2
remarriage.” The judgment also states that “[t]he ‘Karon’[1] language will not be

employed.”

 In March 2015, eight months after the dissolution judgment was entered, husband

moved to modify maintenance. Although husband had claimed in July 2014 that his

monthly income was $24,378, in his 2015 motion to modify, he stated that his income had

declined from $482,810 in 2013 to $349,919 in 2014. An attachment to the judgment

indicates that the Medicare income reported on husband’s W-2 income-tax form for 2013

was $482,810. Husband’s 2014 W-2 form shows Medicare income of $348,919.2

 Husband alleged that the farm economy was poor and his income for 2015 was

projected to be less than his income in 2014, based on the first ten weeks of 2015. Husband

asked the court to reduce his maintenance obligation (a) to ten percent of his commissions

less $1,000 per week as a draw or (b) by the percentage change in his income from 2013

to 2014, which husband calculated to be 27.773%.

 In support of his motion, husband provided a list of expenses, which includes some

upward and downward adjustments of expenses from the affidavit that husband filed during

the dissolution; primarily, husband asserted that his mortgage expenses had greatly

1
 In Karon v. Karon, 435 N.W.2d 501, 503-504 (Minn. 1989), the supreme court held that
parties may enter into an enforceable stipulation to prohibit or limit modification of
maintenance awards. This principle has been codified at Minn. Stat. § 518.552, subd. 5
(Supp. 2015).
2
 Husband’s statement in his affidavit that his Medicare income for 2014 was $349,919
appears to be a typographical error.
 3
increased.3 Husband also alleged that wife’s income had increased by $15,325.00 to

$88,036 annually.4 The financial issues were complicated by disputes over payment of

overdue taxes, husband’s failure to pay wife one-half of a $2,786.37 credit the parties

received from Spring Grove Communications, and a $21,500 payment to a college fund

for the parties’ children that husband was ordered to make because he had improperly

liquidated assets during the dissolution.

 The district court denied husband’s motion. The court found:

 In less than eight (8) months after signing the
 stipulation, [husband] requests the Court to, in effect, lower his
 maintenance due to a substantial change in his financial
 situation citing several factor[s] including decrease in
 [husband’s] income due to the farm economy and a substantial
 change in [husband’s] circumstances brought about by the
 financial arrangements with [wife] in the dissolution. The
 Court finds that such factors were contemplated and
 considered by the parties as per the language of the stipulation
 and agreed to by the parties and thereafter ordered by the Court.

The court found “that the parties contemplated and considered potential changes in

financial circumstances, including substantial changes, at the time of establishing spousal

maintenance and in agreeing to a division of property and assets by stipulation and shortly

thereafter ordered by the Court.” This appeal followed.

3
 The monthly-living-expenses worksheet prepared by husband for 2014 and 2015 contains
an arithmetical error in the “miscellaneous” category that inflates husband’s monthly
expenses by more than $3,000. Neither party has addressed this error.
4
 The confidential-information form attached to the judgment shows that Medicare income
reported on wife’s W-2 form for 2013 was $72,711. Documents submitted in support of
husband’s motion show that Medicare income reported on wife’s W-2 for 2014 was
$88,035.
 4
 DECISION

 Husband argues that “[t]he district court essentially viewed the language [in the

judgment] acknowledging the parties’ recognition of the possibility that their future income

could increase or decrease as constituting a waiver of the right to seek a modification based

on substantial changes in these circumstances.” He contends that the judgment does not

expressly waive the right to seek modification under appropriate circumstances and,

instead, the parties agreed that the judgment would not include Karon language.

 The district court has discretion to modify a maintenance award upon a party’s

motion. Minn. Stat. § 518A.39, subd. 1 (2014); Lee v. Lee, 775 N.W.2d 631, 637 (Minn.

2009). A maintenance order may be modified for various reasons, including a substantial

increase or decrease in an obligor’s or obligee’s income or needs that makes the existing

maintenance award unreasonable and unfair. Minn. Stat. § 518A.39, subd. 2(a) (2014).

The party requesting modification “must not only demonstrate the existence of a substantial

change of circumstances, but is also required to show that the change has the effect of

rendering the original maintenance award both unreasonable and unfair.” Beck v. Kaplan,

566 N.W.2d 723, 726 (Minn. 1997). “Unreasonable and unfair are strong terms which

place upon the claimant a burden of proof more than cursory.” Kielley v. Kielley, 674

N.W.2d 770, 779 (Minn. App. 2004) (quotation omitted).

 “Effective appellate review of an award of maintenance is possible only when the

[district] court has issued sufficiently detailed findings of fact to demonstrate its

consideration of all factors relevant to an award.” Hemmingsen v. Hemmingsen, 767

N.W.2d 711, 718 (Minn. App. 2009) (quotation omitted), review granted (Minn. Sept. 29,

 5
2009) and appeal dismissed (Minn. Feb. 1, 2010). The findings must be sufficiently

particularized to show that the district court has considered the relevant statutory factors.

Tuthill v. Tuthill, 399 N.W.2d 230, 232 (Minn. App. 1987).

 The district court found that the parties “contemplated and considered” “several

factor[s] including decrease in [husband’s] income due to the farm economy and a

substantial change in [husband’s] circumstances brought about by the financial

arrangements with [wife] in the dissolution,” but it did not make any findings regarding

these factors. Instead of determining whether husband met his burden of proving that a

substantial change of circumstances made the original maintenance award unreasonable

and unfair, the district court appears to have concluded that because the parties

contemplated and considered potential changes in husband’s financial circumstances when

they entered into their stipulation, changes in these factors may not be a basis for modifying

maintenance.

 The parties’ recognition in their stipulation that there could be substantial changes

in husband’s financial circumstances does not mean that maintenance may not be modified

because of such changes. The judgment states that “‘Karon’ language will not be

employed,” and wife acknowledged in the district court that the court retained jurisdiction

over maintenance modification and that she did not claim that maintenance could never be

modified. This indicates that the parties also recognized that there could be a change in

circumstances sufficiently substantial to support a modification of maintenance.

 We therefore reverse the district court’s order denying husband’s motion to modify

maintenance and remand to permit the district court to consider whether husband has

 6
proved that there has been a substantial change in circumstances that makes the original

maintenance order unreasonable and unfair and to make particularized findings of fact that

demonstrate that it has considered these statutory factors.

 Reversed and remanded.

 7
RODENBERG, Judge (dissenting)

 Less than eight months after he signed a stipulation calling for a monthly

maintenance payment of $4,500, appellant moved to amend the judgment and decree of

dissolution to incorporate a percentage-of-commissions-based maintenance award. The

record supports the district court’s finding that the parties’ agreement, and the judgment

and decree entered thereon, contemplated the income fluctuation upon which appellant

based his motion. I therefore respectfully dissent.

 I agree with the majority that the district court’s findings are imperfect, but those

findings were made in the context of a motion by appellant “that the court amend its

findings to reduce the order for maintenance to a percentage of commissions and

bonuses.”5 The district court analyzed the motion as appellant presented it—a motion to

fundamentally alter the mechanism of computing the amount of respondent’s temporary

spousal maintenance, and not as a motion to reset the maintenance obligation for a reduced

monthly amount. It was in this context that the district court found that, when the parties

contracted for a $4,500 monthly maintenance amount, they were “well aware of the

fluctuating [nature of appellant’s] income.” The record amply supports that finding of fact.

5
 Appellant’s original motion, dated March 30, 2015, requested alternative relief reducing
his maintenance obligation “by the percentage of change [in appellant’s income] from 2013
to 2014, that being 27.773%.” Appellant later served and filed a second motion, dated May
22, 2015, requesting that his maintenance obligation be re-cast as a percentage of his
income, and also requesting amendment of the earlier judgment and decree or,
alternatively, a new trial.

 D-1
At the time of appellant’s motion, only eight months had passed since the parties’

agreement and the district court’s judgment and decree.

 A stipulation is significant in the context of a motion to modify maintenance as “the

identification of the baseline circumstances against which claims of substantial change are

evaluated.” Hecker v. Hecker, 568 N.W.2d 705, 709 (Minn. 1997). Here, the stipulation

did not rely on any specific annual or monthly net income amount, and instead recited only

that appellant had a “base salary of $54,080.00 in 2014 with the remainder of his income

as commission and bonuses.” It identified the possibility of future changes in income “due

to market forces, changes in health, inheritance, or other foreseeable as well as

unforeseeable circumstances,” before specifying the monthly $4,500 maintenance

payments on which the parties agreed.

 Imperfect though they may be, the district court’s findings are adequate for me to

see what the district court did. It found that appellant had not borne his burden of proving

a substantial change in circumstances sufficient to warrant a fundamental change in the

mechanism for computing maintenance payments less than a full calendar year after the

parties, despite recognizing the fluctuating nature of appellant’s commission income,

agreed on a set monthly amount of maintenance as part of a global settlement of their

dissolution.

 “The cases are legion supporting the position that the discretion conferred on the

family court judge to amend prior [maintenance] orders is to be exercised cautiously, and

any alteration must be based on a clear showing of a substantial change of circumstances

in one or both of the parties.” Sieber v. Sieber, 258 N.W.2d 754, 757 (Minn. 1977). This

 D-2
is particularly so when the parties have stipulated concerning maintenance. Id. We review

the district court’s determination for abuse of discretion. Hecker, 568 N.W.2d at 709.

 I see no abuse of discretion here.

 D-3