*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0102**

In re the Marriage of:
Paul Grant Gardner, petitioner,
Appellant,

vs.

Margaret Rose Gardner,
Respondent.

**Filed December 12, 2016
Affirmed
Bratvold, Judge**

Hennepin County District Court
File No. 27-FA-07-2018

Paul Grant Gardner, St. Paul, Minnesota (pro se appellant)

Margaret Rose Gardner, Tonka Bay, Minnesota (pro se respondent)

Considered and decided by Bratvold, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BRATVOLD**, Judge

Appellant-husband challenges the district court's denial of his motions to increase spousal maintenance, to order delinquent spousal maintenance payments, and to increase respondent-wife's life insurance policy as security for the spousal maintenance. Husband

1

also appeals from the district court's orders dividing wife's pension account. Because the district court did not abuse its discretion in denying husband's motions and dividing the pension, we affirm.

**FACTS**

This appeal arises from the parties' ongoing dispute relating to appellant Paul Gardner's (husband) permanent spousal maintenance award against his former wife, respondent Margaret Gardner (wife). The district court entered its order dissolving their marriage in 2008. Relevant to this appeal, the dissolution decree awarded husband permanent spousal maintenance and ordered wife to secure the spousal maintenance with a life insurance policy, but did not state the required amount of the policy. The decree also awarded husband fifty percent of wife's 401(k) and pension accounts. The decree has been modified by several subsequent orders, some of which are pertinent to the issues raised in this appeal. The facts and subsequent orders relevant to this appeal may be grouped into three categories.

*Spousal Maintenance*

A January 2015 order increased wife's monthly maintenance obligation from $3,250 to $3,350.[1] The January 2015 modification order does not include a line for taxes in husband's monthly budget, but the district court used "FinPlan" software to calculate the maintenance amount. FinPlan computes maintenance based on each party's gross income,

---

[1] The modification order increased monthly maintenance to $3,425 for one year, between December 1, 2014 and December 1, 2015, to account for a one-time moving fee that the district court divided by twelve months and added to husband's monthly budget. Starting December 1, 2015, monthly maintenance was set at $3,350.

2

reasonable monthly expenses, and tax filing status. To clarify, FinPlan takes taxes into account in calculating each party's budget. FinPlan is updated each year with current tax tables and information.

Also relevant to this appeal, the January 2015 order included the determination that husband paid a conservator $300 per month and included that amount in husband's monthly budget. Husband's conservatorship terminated in February 2015. The January 2015 order also included $30 per month for transportation expenses, including a bus pass, transportation services to the pharmacy, and grocery delivery services.

*Wife's Life Insurance Policy*

A May 2012 order clarified the life insurance requirement, and specifically ordered wife "to carry $100,000 in life insurance" to secure the maintenance payments. The order also stated that, if husband seeks an increase in the amount of the insurance policy, he must present the district court with "proper documentary evidence" of the "amount of future support to be secured by life insurance," including "the cost of such insurance to [wife], [and] the number of months [of] coverage [] based on [husband's] average life expectancy."

*Wife's Pension Account*

A May 2010 order made two relevant changes to husband's interest in wife's pension account. First, the order increased husband's interest in wife's pension account. The parties agreed that husband's interest in the pension should be increased by the amount he was awarded in wife's 401(k) account, because wife's 401(k) no longer contained funds. Second, the May 2010 order directed husband's former counsel to submit an appropriate

3

qualified domestic relations order. The original dissolution decree required the parties to obtain a qualified domestic relations order before dividing any retirement benefits. The company administering wife's pension account, however, was purchased by another company soon after the dissolution; as a result, the division of the pension account was placed on hold. Neither the parties nor husband's former counsel filed a proposed qualified domestic relations order until 2015, as discussed below.

### *Procedural History*

In May 2015, husband, acting as a self-represented litigant, filed a motion, in which he asked the district court to: (a) increase spousal maintenance, include a $1,000 monthly transportation allowance and a tax allowance in husband's budget, and order wife to pay for husband's outstanding court-appointed conservator fees; (b) order delinquent spousal maintenance amounting to $6,250; (c) order wife to increase the base amount of her life insurance policy to $1.65 million and add husband as an owner of the policy; and (d) divide wife's pension account.

At the hearing on husband's motion, both parties appeared without counsel. On July 2, 2015, the district court denied in part and granted in part husband's motion. The district court denied husband's requests to do three things—increase spousal maintenance, require wife to pay outstanding conservator fees, and increase the policy amount for wife's life insurance policy. (We note that, after the order was filed, wife submitted documentation verifying that she maintains a $100,000 life insurance policy with husband listed as the sole beneficiary.) The district court granted husband's request to divide wife's pension account. The district court also ordered husband's former counsel to prepare and

4

submit a proposed qualified domestic relations order to effectuate the division of the pension account. The district court reserved its decision on husband's motion for delinquent maintenance for a later hearing and ordered additional submissions. Wife filed copies of personal checks and pay stubs documenting her 2014 and 2015 maintenance payments.

On July 21, 2015, husband's former counsel informed the district court that he had prepared the proposed qualified domestic relations order and provided copies to each party. Husband approved of the proposed order, but wife objected to the method of calculating husband's interest in the pension account. In a letter to the district court, wife submitted her own proposed calculation of husband's interest in the pension account.

During a hearing on the delinquent maintenance issue, husband stated that his claim for 2014 arrears was limited to $750. Based on the documentation submitted before the hearing, the district court determined that, for the six months leading up to the hearing, wife's monthly maintenance payments were $175 less than what the district court had ordered in the January 2015 modification order. The district court therefore informed the parties that wife was $1,050 in arrears in 2015 through the date of the July 2015 hearing. Wife agreed to pay husband $525 with a personal check at the July hearing and pay the other half in August 2015.

On August 7, 2015, the district court denied husband's motion for delinquent maintenance. First, the district court concluded that there were no arrears for 2014. After reviewing wife's 2014 pay stubs and personal checks, the district court found that wife had

overpaid husband by $700 in 2014.[2] Second, the district court concluded that there were no arrears for 2015. The district court found that the $525 personal check that wife gave husband at the July 2015 hearing, plus the $700 overpayment in 2014, satisfied wife's maintenance obligation for 2015.[3]

In November 2015, the district court filed two orders relating to the division of wife's pension account. In a November 4, 2015 order, the district court determined that husband's former counsel had properly calculated husband's interest in the pension account according to the district court's prior orders. The district court found that husband's interest was equal to 71% of the account value as of May 31, 2007. On November 10, 2015, the district court signed the qualified domestic relations order.

Husband filed this appeal seeking review of the July and August 2015 orders denying his motions and the November 4, 2015 order calculating his interest in wife's pension account. In a January 2016 order, this court decided to construe husband's appeal as also being taken from the district court's November 10, 2015 qualified domestic relations order.

---

[2] In 2014, $28,500 was withheld from wife's income, as shown in the 2014 pay stubs wife submitted to the district court. The personal checks wife filed in the district court show that she paid an additional $11,375. Thus, wife paid a total of $39,875 in 2014 maintenance. Wife's 2014 maintenance obligation was $39,175: eleven monthly payments of $3,250 and one monthly payment of $3,425 in December 2014 according to the January 2015 modification order. The difference between $39,875 and $39,175 is $700.

[3] Husband filed an appeal on August 27, 2015, from the district court's July and August 2015 orders. This court questioned whether the appeal was premature because the district court had not fully resolved the division of wife's pension account. We ordered the parties to file informal memoranda addressing whether the district court's orders were final. On September 3, 2015, husband filed a notice of voluntary dismissal.

6

We note that wife did not file a brief or otherwise respond to this appeal. This court filed an order stating that the case will be decided on the merits under Minnesota Rule of Civil Appellate Procedure 142.03.

## D E C I S I O N

### I.    Spousal Maintenance Modification

This court reviews a district court's decision to grant or deny a motion for modification of spousal maintenance for an abuse of discretion. *Hecker v. Hecker*, 568 N.W.2d 705, 709–10 (Minn. 1997). The district court abuses its discretion if it makes findings unsupported by the evidence or misapplies the law. *Silbaugh v. Silbaugh*, 543 N.W.2d 639, 641 (Minn. 1996). This court reviews the district court's findings of fact for clear error. *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). Findings of fact are clearly erroneous when they are "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 726 (Minn. 1985).

Modification of a prior spousal maintenance award is proper upon a showing that a substantial change in circumstances makes the prior award unreasonable and unfair. Minn. Stat. § 518A.39, subd. 2(a) (2014). There are eight statutory grounds for modifying maintenance. *Id.* A substantial change in circumstances may be established, for example, by showing a substantial increase or decrease in the gross income or needs of either party. *Id.*

The party seeking modification bears the burden of demonstrating a substantial change in circumstances and that the change makes the present award unreasonable and

unfair. *Beck v. Kaplan*, 566 N.W.2d 723, 726 (Minn. 1997). If the district court determines that the moving party has met this burden, then it must evaluate the appropriate amount of maintenance to award by applying the factors provided in Minnesota Statute section 518.552, subdivision 2 (2014). The district court must balance the recipient's need against the obligor's financial condition in determining the appropriate amount of spousal maintenance. Minn. Stat. § 518.552, subd. 2(g); *Erlandson v. Erlandson*, 318 N.W.2d 36, 39–40 (Minn. 1982). But if the party seeking modification fails to show a substantial change in circumstances, the district court need not consider the section 518.552, subdivision 2 factors. *Tuthill v. Tuthill*, 399 N.W.2d 230, 232 (Minn. App. 1987).

In the July 2015 order, the district court denied husband's motion to increase spousal maintenance. Initially, the district court reviewed husband's monthly budget, which totaled $3,564 as stated in the January 2015 modification order. The district court determined that husband failed to show a substantial change in circumstances warranting modification because there had not been an increase in wife's income and husband had not demonstrated that the current maintenance amount was insufficient to meet his needs. The district court stated that "[t]here is only *one* salary to provide for the needs of both parties, which means that both parties need to adjust what they view as reasonable expenses in light of the circumstances."

Before addressing husband's arguments on appeal, we note that husband supported his modification motion with arguments the district court had already rejected in prior orders. The district court specifically noted that it had addressed and denied husband's requests to increase maintenance to cover taxes and "equitable transportation" in prior

orders. Therefore, husband did not present the district court with a new change in circumstances that rendered the January 2015 modification order unreasonable and unfair.

For the first time on appeal, husband appears to assert that his circumstances have recently changed. He states that he has been homeless since December 2015, he relies on Medicaid for meeting medical needs, and he has lost his phone services. But these circumstances were not presented to the district court, did not exist at the time the district court decided the modification motion, and thus we do not consider them on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (declining to consider issues that were not presented to or considered by the district court).

On appeal, husband makes numerous arguments contesting the district court's denial of his request to increase spousal maintenance. Husband asserts that the district court erred by not increasing maintenance to include his tax liability, additional transportation expenses, and outstanding conservator fees. Husband also contends that the district court miscalculated wife's gross income because it did not include the tax benefit wife receives for deductions. Lastly, husband argues that the district court failed to consider the standard of living during the marriage. We address each argument.

### A. Tax Liability

It is within the district court's discretion to consider future tax consequences in calculating the appropriate maintenance award. *Maurer v. Maurer*, 623 N.W.2d 604, 607–08 (Minn. 2001); *Dahlberg v. Dahlberg*, 358 N.W.2d 76, 82 (Minn. App. 1984). Husband argues that the district court should not rely on FinPlan to account for taxes and must expressly list taxes as a line item in his budget for the maintenance award. Husband offers

no legal or factual support for his position. The district court concluded that the FinPlan software "allows the Court to calculate the proper amount of maintenance in light of [husband's] tax liability and considers the taxes imposed on the receipt of such maintenance." FinPlan determines the parties' ability to meet their reasonable monthly expenses *after* state and federal taxes are deducted from gross income. The district court did not abuse its discretion by relying on FinPlan to account for taxes and declining to list taxes as a line item in husband's budget.

## B. Transportation Expense

Husband contends the district court erred by not increasing the transportation expense in his monthly budget. The January 2015 modification order allocates $30 per month for husband to purchase a bus pass, transportation services to the pharmacy, and grocery delivery services. Husband asserts that he does not own a car, apparently implying that he is entitled to some equalizer because wife owns a car. Husband cites no law but points to a monthly budget that his conservator apparently prepared. This budget includes $200 for fuel, $550 for a car payment, $100 for car maintenance, $150 for car insurance, and $25 for license tabs. The district court determined that $30 per month is a reasonable budget for transportation, and "[i]t is not the responsibility of [wife] to provide [husband] with the money to purchase a car." The district court is not bound to follow the conservator's suggested budget. We conclude that the district court did not abuse its discretion in denying additional amounts for transportation.

10

C.    **Conservator Expense**

Husband argues that the district court erred by not ordering wife to reimburse him for outstanding conservator fees. The January 2015 modification order states that $300 per month for conservator fees is appropriate for husband's monthly budget. Although husband's conservatorship ended in February 2015, husband continues to receive spousal maintenance in the amount provided in the January 2015 modification order, which includes amounts for the conservator. Thus, it appears that the current spousal maintenance amount is inflated because husband no longer incurs conservator expenses. Husband nonetheless claims that the conservator's final report, which he filed with his May 2015 motion, shows $10,015.27 in outstanding conservator fees. We agree with the district court that the final report does not state the conservator is owed $10,015.27.

Moreover, the district court determined that, if any conservator fees are outstanding, these fees are "outside of the scope" of wife's monthly maintenance obligation. We agree with the district court for two reasons. First, husband has received a maintenance amount since January 2015 that is based on $300 per month for conservator fees, even though the conservatorship ended in February 2015. Second, husband seeks modification to recover expenses he claims were incurred while prior modification orders were in place. Minnesota Statute section 518A.39 provides that a modification order can apply retroactively, but only to the date that the moving party serves notice of the motion on the responding party. Minn. Stat. § 518A.39, subd. 2(e). Because husband did not show that monthly conservator fees incurred after he served notice of his motion on wife exceed the $300 per month husband

11

has received since January 2015, we conclude the district court did not err in denying husband's request for reimbursement of the conservator fees.

### D.    Wife's Gross Income

Because a district court's calculation of gross income is a finding of fact, this court reviews it for clear error. *Peterka v. Peterka*, 675 N.W.2d 353, 357 (Minn. App. 2004). The Minnesota Supreme Court has held that gross income for spousal maintenance is defined in Minnesota Statute section 518A.29. *Lee v. Lee*, 775 N.W.2d 631, 635 n.5 (Minn. 2009). Section 518A.29(a) defines "gross income" as "any form of periodic payment to an individual, including, but not limited to, salaries, wages, [and] commissions . . . ." Minn. Stat. § 518A.29(a) (2014). Here, the district court determined that wife's gross monthly income was $9,595 based on her gross annual salary of $115,140. The district court rejected husband's argument that the tax benefit wife receives for taking specific deductions should be added to her gross income. The district court determined that a tax benefit is not "'income' in the form of a periodic payment to [wife]." Husband reasserts this argument on appeal.

For support, husband cites statutes from 2006, many of which have been repealed or renumbered. Husband claims that wife's "properly calculated income, strictly according to the Statutes cited above is gross base salary of $11,276.51." Husband's argument fails because he does not explain or support his position that the district court's calculation of wife's gross income was erroneous. We find husband's brief inadequate. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (declining to reach issue that was not adequately briefed). Further, husband's claim that tax benefits are gross income is

12

contrary to precedent. *Lee*, 775 N.W.2d at 635 n.5; *see* Minn. Stat. § 518A.29(a). The district court's method of calculating gross monthly income by dividing wife's gross annual salary by twelve months was reasonable. Therefore, the district court's determination of wife's gross income was not clearly erroneous.

### E. Standard of Living During the Marriage

Husband next argues that the district court erred because its maintenance award is not based on the parties' standard of living during the marriage and only provides husband with the "bare necessities." On appeal, husband cites Minnesota Statute section 518.552, which directs courts to consider the parties' standard of living during the marriage as one of several relevant factors in deciding the appropriate amount of a spousal maintenance award. Minn. Stat. § 518.552, subd. 2. But courts only consider these statutory factors in deciding a modification motion if the moving party first demonstrates that a substantial change in circumstances requires modification. *Tuthill*, 399 N.W.2d at 232. For the reasons discussed above, the district court did not abuse its discretion in determining that husband failed to establish a substantial change in circumstances warranting modification. Thus, the district court was not required to consider the standard of living during the marriage in denying husband's modification motion.

### II. Maintenance Arrears

This court reviews a district court's determination of past due maintenance for an abuse of discretion. *Lunde v. Lunde*, 408 N.W.2d 888, 893 (Minn. App. 1987). A district court must enter judgment for unpaid maintenance if the obligor is more than thirty days

13

in arrears, the recipient serves the obligor with notice, and the obligor has a chance to respond. Minn. Stat. § 548.091, subd.1 (2014).

Here, the district court concluded that there were no arrears from 2014, and that the $700 overpayment in 2014, plus the $525 personal check wife gave husband at the July 2015 hearing, satisfied wife's 2015 maintenance obligation. Husband argues that the district court miscalculated wife's past due maintenance.

Husband first claims that the district court "double count[ed] the pay period at the end of October 2014" by "mistakenly credit[ing] [wife] for making two separate payments at this time one on October 31 and another on November 7." Husband is incorrect. Wife filed copies of personal checks and pay stubs documenting her 2014 maintenance payments. The district court reviewed the records and concluded that wife overpaid husband by $700 in 2014. After reviewing the record of wife's 2014 payments, we conclude that the district court's calculations are accurate.

Husband next argues that the district court "fails to do any calculation for the delinquency in 2015." He refers to spreadsheets he filed with this court as attachments to his brief. The spreadsheets appear to calculate wife's total maintenance payments from 2014 and 2015. But because these spreadsheets are not part of the record and were not presented to the district court, this court will not consider them. *See* Minn. R. Civ. App. P. 110.01 (defining the record on appeal as the documents filed in the district court and any transcript of proceedings); *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583 (Minn. 1977) ("It is well settled that an appellate court may not base its decision on matters

14

outside the record on appeal, and that matters not produced and received in evidence below may not be considered.").

Moreover, husband's assertion that the district court failed to calculate wife's 2015 maintenance payments is incorrect. The district court explained its calculation in the August 2015 order. The district court stated that, because wife had not increased her monthly payments by $175 as provided in the January 2015 modification order, she was $1,050 in arrears for 2015 through the date of the hearing. The district court determined, however, that the $700 overpayment in 2014, plus the $525 personal check, satisfied wife's 2015 maintenance obligation. After carefully reviewing the record, we conclude that the district court's calculations are sound. The district court did not abuse its discretion in denying husband's motion to order delinquent maintenance.

## III.    Life Insurance Policy

"In all cases when maintenance or support payments are ordered, the court may require sufficient security to be given for the payment of them according to the terms of the order."  Minn. Stat. § 518A.71 (2014).  Whether to require security for a maintenance obligation and how much security to require are within the district court's broad discretion, and this court reviews such determinations for an abuse of discretion. *Kampf v. Kampf*, 732 N.W.2d 630, 635 (Minn. App. 2007), *review denied* (Minn. Aug. 21, 2007).

According to the district court's orders, wife has secured her maintenance obligation by carrying a $100,000 life insurance policy that lists husband as the sole beneficiary. The district court denied husband's motion to increase the policy amount to $1.65 million

15

because he failed to present evidence establishing that the current amount of wife's life insurance policy was inadequate to meet his future needs.

Husband argues that the district court erred by not accepting his calculations. He asserts on appeal that the policy amount should be $1.5 million, a slight change that is not explained. To support his position, husband multiplies his requested monthly spousal maintenance ($5,200) by twelve months. He then multiplies that number by twenty-five years, which is what he claims is his reasonable life expectancy based on federal social security tables.

Citing *Maeder v. Maeder*, husband argues that he "has the right to demand the support payments be covered with insurance on [wife's] person." *See* 480 N.W.2d 677 (Minn. App. 1992), *review denied* (Minn. Mar. 19, 1992). But *Maeder* expressly holds that the district court has discretion in deciding whether a payor spouse is required to secure maintenance payments with life insurance. *Id.* at 680. Husband essentially asks for a dollar-for-dollar match between his expected future maintenance payments and the value on the policy, which neither the statute nor case law require.

Husband also argues that he should be named an owner on the policy so he can monitor wife's premium payments. The district court denied this request because there is no evidence that wife has not paid premiums. To the contrary, wife has filed documents verifying that she maintains a $100,000 life insurance policy with husband listed as the sole beneficiary. The district court did not abuse its discretion in denying husband's motion to modify the insurance policy.

**IV.    Division of Wife's Pension**

"The valuation and division of pension rights is generally a matter for the trial court's discretion." *DuBois v. DuBois*, 335 N.W.2d 503, 505 (Minn. 1983). Husband's brief does not contest the district court's division of the pension account. Husband argues, however, that the district court erred by placing the burden on him to contact the plan administrator to start receiving payments from the pension. Husband failed to raise this argument in the district court and therefore this court need not consider it on appeal. *Thiele*, 425 N.W.2d at 582.

Even if this court were to address husband's argument, it lacks merit. Federal law provides specific procedures and requirements that a district court must follow when issuing a qualified domestic relations order that directs a benefit plan to distribute funds to a non-plan-participant. 26 U.S.C. § 414(p) (2012). The district court was bound to follow these procedures to ensure that husband receives his portion of the pension account when distributions begin. But no law requires the district court to assist husband in notifying the plan administrator of the qualified domestic relations order. *Cf. id.* § 414 (p)(6) (giving plan administrators discretion in deciding proper procedures for determining the qualified status of a domestic relations order and administering distributions after receiving notice of a qualified domestic relations order). Therefore, the district court did not abuse its discretion in dividing wife's pension account.

We have carefully reviewed all of the arguments in husband's brief and have determined that husband is not entitled to the relief he seeks.

**Affirmed.**